France *v.* McElhone.

ELTING FRANCE and OLIVER D. FRANCE, Respondents, *v.* JAMES McELHONE, Appellant.

(GENERAL TERM, THIRD DISTRICT, MARCH, 1869.)

Whether a written statement of items made by the witness, and verified by his oath on the stand, and which he is ready to verify orally in detail, is not admissible in evidence in the first instance as an account—*Quere.*

In an action to recover the proceeds of sales made by defendant, as agent for the plaintiffs, the defendant having testified to the collection of different amounts for the plaintiffs, and to a settlement at which he paid them a specific sum, is entitled to the benefit of his own testimony as to the completeness of the accounting, and may be asked the general question whether or not he accounted for all the moneys collected for them.

And when such defendant, as a witness, states that he had made deductions from claims collected by him, and was authorized to do so if he thought necessary, and that on his settlement with plaintiffs he was asked by one of them if certain deductions made were necessary in order to collect the claims, and, upon his answering affirmatively, the deductions were allowed, he may, in order to establish the fairness of his transactions, be asked if the deductions made by him, were in fact necessary in order to collect the claims in question.

He may also, in the first instance, show the total amount allowed him in settlements made with one of the plaintiffs, for time and expenses ; such allowance, was an admission by plaintiffs of the correctness of the charges, to the benefit of which defendant was entitled. And the error in excluding the testimony will not be disregarded on appeal, because, on his cross-examination, the witness could not state particularly what took place at the settlements.

France *v.* McElhone.

APPEAL from judgment entered upon a referee's report.

The plaintiffs were manufacturers of scythes, under the firm name of E. France & Son. On the 16th April, 1853, they made with defendant a written contract, by which they appointed him their agent for one year, to procure orders for the sale of, and to sell their scythes. By the terms of this contract, the defendant was to collect the moneys arising from such orders or sales. As a compensation for his services, the contract provided that he should receive two dollars for each day actually and necessarily employed in the business. Also, his traveling expenses necessarily incurred therein, and a commission of one per cent on all moneys collected by him. The contract also provided that the defendant was to advance to the plaintiffs, during the year, moneys, from time to time, not exceeding, however, the sum of $1,500. It also provided that out of the moneys which the defendant should collect from the sales of scythes, he was to pay unto himself all moneys he might advance to the plaintiffs under the contract, together with his salary, expenses and commissions.

The defendant procured orders and sold scythes under this contract, and on the 23d of December, 1853, the parties had a settlement of their transactions under it. The defendant had made collections for scythes sold; had made payments to the plaintiffs on account of the same, and had loaned to them $1,500 according to the agreement. Some of the orders remained uncollected. On that settlement the plaintiffs were found indebted to the defendant in the sum of $809.92.

On the day of that settlement (December 23d, 1853), the plaintiffs made with the defendant a second contract, similar to the first, except that the defendant agreed to advance them from time to time, a sum not exceeding $1,000.

At the time of making this contract, the plaintiffs indorsed on it the said $809.92, which was found owing by them on the settlement referred to, as so much received from the defendant.

The defendant during the year following, procured orders and made sales under the said contract. He also made col-

lections after December 23, 1853, on the uncollected orders under the first contract, and also on the orders which he had taken under the second contract. He made various payments to the plaintiffs out of such collections; the most of which were indorsed on the contract. The plaintiffs received from him other moneys, to wit : $1,623.28, and $550, which were covered by two receipts. Neither party seems to have done anything under either of these contracts, after 1854. In October, 1859, the plaintiffs commenced this action to recover from the defendant the proceeds of scythes sold by him, under the two contracts referred to. The action was referred, and after trial the referee reported in favor of the plaintiffs for $1,711.13, with interest after March 23, 1855. The questions raised, so far as material, appear in opinion.

Judgment was entered upon the report, and the defendant appealed to the General Term.

*S. W. Fullerton*, for the appellant.

*M. Schoonmaker*, for the respondents.

Present—MILLER, INGALLS and HOGEBOOM, JJ.

By the Court—MILLER, P. J. Some of the rulings of the referee, upon the trial of this case border so closely upon the line of the discretion to be exercised by the court, that it is not entirely clear that they were erroneous, and authorize a reversal of the judgment.

I am inclined to think, that the question asking the witness to state the amount of his traveling expenses necessarily incurred by him, in and about the business in which he was engaged, and the number of days actually and necessarily employed by him in and about the same, since December 23, 1853, might lawfully have been allowed. So also the paper containing a statement in detail of the expenses necessarily incurred, and of the time actually and necessarily employed by him in and about the business, might have been admitted,

and the admission justified; not as the introduction of a paper, but as showing in writing facts the witness could have stated orally in detail, if the examination had been conducted in a manner to draw out such a statement, after looking at the writing, and with the writing in his hands. The paper was not a memorandum, but a statement of time and expenses; an account verified by the oath of the witness on the stand; somewhat, if not entirely, analagous to an account for goods sold, where the proof shows that it has been drawn off on paper, and that the items are correct. Such evidence would not be a memorandum, but a statement prepared from all sources of knowledge at the command of the witness, which would be quite as direct as it would be to call upon the witness, with the paper before him, to read off or to state these items. But the question arising as to the admissibility of the questions put, are somewhat close, and, to some extent, a matter of discretion. I am, therefore, inclined not to regard their rejection as vitally erroneous, and I think the judgment should not be reversed on account of any supposed error in this respect.

There are, however, some decisions of the referee which cannot be upheld, in my opinion, upon any legal grounds.

I think the question put to the defendant whether or not he accounted to the plaintiffs for all moneys collected by him upon orders after December 23, 1853, was improperly overruled. The defendant had testified that he had collected the sum of $669.09, subsequent to the time named, on the orders which remained uncollected in his hands at that period; that he had collected $2,458.36 on the sales of 1854, and that he had loaned the plaintiffs, after December 23, 1853, between $2,700 and $2,800, including the sum of $809.92, which was conceded to be due at the time of the settlement. The defendant had also testified that he had a settlement with the plaintiffs shortly after returning from his last collection tour, and that he had paid them the sum of $1,623.23, for which they gave him a receipt. After proof of these facts, it was manifestly proper for the defendant to show that all the

France *v.* McElhone.

moneys in his hands collected upon orders had been paid over and accounted for. The defendant had stated what moneys he had collected, and what he had paid ; and it was no objection to the question that it was leading and general it its character. I think that the defendant had a right to close the door to all cavil or question which might be raised as to the correctness of his statement and the account he rendered. It is true that the defendant, upon his cross-examination, afterward rendered an account of his collections in detail, and he testifies that he took receipts, and that the receipts in evidence cover all the moneys that he has any recollection of. But this does not entirely obviate the difficulty. He was entitled to the benefit of his own evidence that he had accounted for all moneys collected upon orders in a general form; and it added somewhat to the weight of that already given by him. For the same reasons I think the referee improperly rejected the question put to the defendant whether he had collected any other moneys upon orders since December 23, 1853, than those which he had accounted for to plaintiffs.

I also think that it was proper to prove by the defendant that it was necessary to make the deductions which he did make in order to collect the claims upon parties for indebtedness to the plaintiffs. The witness had previously testified that he had made deductions from some of the orders when making collections ; that he was authorized to do so by the plaintiffs the same as if he was doing it for himself; that if he thought it necessary to make deductions he might do so ; that he made the statement to the plaintiffs of the deductions made when he was settling, and that one of them, with whom the settlement was made, asked if it was necessary to make the deductions ; that the defendant replied that it was, and the plaintiff said it was right. No objection was made because the question called for the defendant's opinion ; and even if it had been, I think that the question was a proper one. One of the plaintiffs had ratified the action of the defendant in making deductions, and asked his opinion

if it was necessary; and, when informed that it was, responded that it was right. In corroboration of the defendant's testimony, and to establish the fairness of his transactions in making the deductions, it was proper to show by him that they were necessary in the general way proposed.

Nor was there any objection to asking the defendant what was the gross amount of deductions made upon orders. If the defendant knew what the gross amount of the deductions was, why exclude his knowledge of that fact? True, he might have stated the details and given the particulars; but it by no means follows that a neglect to show items in the first instance is a reason for upholding an improper ruling, when the testimony is clearly admissible. The defendant had an undoubted right to show the gross amount of deductions actually made, and was not, therefore, bound to introduce evidence which would establish the same thing by another and a more extended and elaborate course of examination, when the answer to the question put would prove the same fact in a more direct and positive manner.

It was also competent for the defendant to show the total amount which had been allowed him for traveling expenses and time in settlements made with one of the plaintiffs. The defendant had testified to various settlements made; and that he had been allowed for traveling expenses and time upon these occasions, and he had a right to show what was allowed to him when they were made. Such an allowance would have been an admission of the plaintiffs of the correctness of the amounts allowed, and strong proof in his favor as to this branch of the case.

It is no answer, in my opinion, to the objection made to say that the defendant lost nothing by the rejection of the evidence offered, because, when he was inquired of upon his cross-examination, he could not state particularly what took place at the settlements with the plaintiffs. This testimony might affect the credit to be given to any statement which he might make as to the amount allowed; but it does not render the evidence improper, or establish satisfactorily that

no injury could have resulted from the rejection of the evidence offered.   Nor do the receipts indorsed upon the contract so clearly establish the expenses incurred and their allowance by the plaintiffs, as to authorize the conclusion that the testimony was unimportant and inadmissible.

Other questions are made as to the correctness of the referee's ruling upon the trial, but as for the reasons already stated the report must be set aside; it is not necessary to discuss them.

This case has been twice tried, and it is of some importance to the parties to terminate the litigation; but, after a careful examination, I do not see how the referee's rulings can be sustained upon legal grounds in the particulars stated.

For the reasons given, the judgment entered upon the referee's report must be reversed, and a new trial granted, with costs to abide the event.